IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CRIMINAL NO. 07-30178-WDS |
| JENNIFER WILKINS, | ) |
| Defendant. | ) |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant Wilkins' motion to sever (Doc. 520) to which the government has filed a response (Doc. 530) and the defendant a reply (Doc. 533). The defendant asserts that her co-defendant, Gregory Hogan, has made inculpating statements which include references to an address alleged to be a drug house used by the conspiracy and that the government's cooperating witnesses will testify that Wilkins was known to be at that address. In addition, Wilkins asserts that Hogan's prior criminal history would prejudice her if the jury should be informed of his prior record and that this cannot be minimized with a limiting instruction.

### DISCUSSION

**A.    Joinder Standards**

Federal Rule of Criminal Procedure 8(a) allows joinder of multiple counts if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The defendant must show that the joinder created actual prejudice that served to deprive her of a fair trial. *United States v. Rollins*, 301 F.3d 511, 519 (7th Cir. 2002). Furthermore, it is clear that "prejudice requiring severance is not shown if evidence on the severed counts would be admissible in the trial of the remaining

counts." *Id*. at 519 (*quoting United States v. Rogers*, 475 F.2d 821, 828 (7th Cir. 1973)). The denial of a motion to sever is reviewed for an abuse of discretion. *United States v. Smith*, 223 F.3d 554, 573 (7th Cir. 2000). Multiple defendants may be tried together "if they are alleged to have participated. . .in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). In fact, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.' They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (*quoting Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987)). There is a particularly strong preference for a single trial with co-defendants who have been jointly indicted. *See United States v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002) (citation omitted).

However, "[i]f the joinder of offenses or defendants in an indictment. . .or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In addition, "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39. When defendants have been properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539.

"A defendant must demonstrate that the denial of severance caused him 'actual prejudice' that deprived him of his right to a fair trial; it is insufficient that separate trials would have given a defendant a better opportunity for an acquittal." *United States v. Rollins*, 301 F.3d 511, 518 (7th

Cir. 2002) (citations omitted); see also *Zafiro*, 506 U.S. at 540.

### B. Bruton Issues

Initially, the defendant asserts that there is a potential *Bruton v. United States*, 391 U.S. 123 (1968) conflict which requires severance. *Bruton* held that a defendant's Sixth Amendment right to confront witnesses can be violated when the confession or statement of a co-defendant, directly implicating the other defendant, is admitted at trial and the co-defendant cannot be cross-examined about this implication due to the Fifth Amendment privilege against self-incrimination. *Id.* at 126-27. *Bruton* stated that "it violates the confrontation clause of the sixth amendment to admit against one defendant a confession accusing a co-defendant, when the declarant will not testify and thus cannot be cross-examined." *Id.*. Co-defendants' confessions may be admitted, however, if they are sufficiently redacted so they do not facially incriminate or obviously refer to other defendants. *United States v. Hernandez,* 330 F.3d 964, 972-73 (7th Cir. 2003) (citing *Gray v. Maryland,* 523 U.S. 185, 197(1998); *Richardson v. Marsh,* 481 U.S. 200, 206-07 (1987)).

Here, Wilkins is concerned about admission of a statement of Hogan which connects Hogan to activities at a drug house, and statements by other witnesses which will place Wilkins at that same house. This is simply not a *Bruton*-type of conflict that requires severance. Moreover, this the type of evidence which can be handled by an appropriate limiting jury instruction. The presence of Wilkins at the alleged drug house is not necessarily a matter requiring severance. Hogan's statement does not implicate Wilkins, which is the primary concern of *Bruton*. The jury can be instructed to consider the confession only against the defendant who made the statement without violating *Bruton* in this case.

### C. Hogan's Prior Criminal History

Wilkins also seeks severance on the grounds that Hogan's prior criminal history will be admitted at a joint trial and if the jury is advised of his priors, then that will prejudice Wilkins' case. The Court **FINDS** that, again, this is the type of evidence for which a limiting instruction is sufficient.  *See United States v. Robinson*, 503 F.2d 208, 215 (7th Cir. 1974).

## **CONCLUSION**

Accordingly, the Court **FINDS** that severance is not warranted in this case and the defendant's motion for severance is, therefore, **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATE: June 23, 2009.**


　　　　　　　　　　　　　　　　　　　　s/   **WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**